IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

NEAL LOCKE,                                      )
                                                 )
            Plaintiff,                           )
                                                 )
v.                                               )   Case No. CIV-09-327-M
                                                 )
GRADY COUNTY, a political subdivision which      )
is sued in the name of the BOARD OF COUNTY       )
COMMISSIONERS OF GRADY COUNTY,                   )
                                                 )
            Defendant.                           )

## ORDER

Before the Court is Defendant's Motion to Dismiss and Brief in Support [docket no. 9], filed April 20, 2009. On May 4, 2009, plaintiff filed his response, and on May 15, 2009, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   BACKGROUND

Beginning June 2003, plaintiff was an employee of defendant working in the Sheriff's office. At some unspecified time, plaintiff was demoted, and on January 9, 2009, plaintiff was discharged. The stated reason for plaintiff's termination was that he engaged in sexual harassment. Approximately two weeks prior to plaintiff's termination, the Sheriff conveyed to plaintiff that he did not want persons plaintiff's age working in the Sheriff's office.

On March 26, 2009, plaintiff commenced this action to recover for his wrongful discharge on the basis of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and in violation of the Oklahoma public policy against age discrimination as rooted in *Burk v. K-Mart*, 770 P.2d 24 (Okla. 1989). Defendant now moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

II.  STANDARD OF REVIEW

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
>       \*      \*      \*
>
> However, the court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdiction question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

*Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

"[A] complaint should not be dismissed for failure to state a claim unless it appears...plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007). The relevant inquiry is whether the complaint contains enough facts to state a claim to relief that is plausible on its face. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The issue in reviewing the sufficiency of plaintiff's complaint is not whether she will prevail, but whether she is entitled to offer evidence to support her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must assume as true all well pleaded facts in plaintiff's complaint and view them in a light most favorable to plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). However, the Court need not accept as true plaintiff's conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

III.    DISCUSSION

A. Governmental Tort Claims Act

1. Notice Requirement

It is well established that the Oklahoma Governmental Tort Claims Act ("GTCA") is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort. *Tuffy's, Inc. v. City of Okla. City*, No. 105705, --- P.3d ----, 2009 WL 146684 at ¶ 7 (Okla. Jan. 20, 2009). Pursuant to the GTCA, the Oklahoma Legislature adopted the doctrine of sovereign immunity for the state, its political subdivisions, and all of its employees acting within the scope of their employment. Okla. Stat. tit. 51, § 152.1(A). This immunity is subject to the limits of waiver to the extent and the manner specifically provided for by the provisions of the sections of the GTCA. Okla. Stat. tit. 51, § 152.1(B).

In order to recover under the GTCA, a person must present a claim to the state or political subdivision within the scope of Section 151 *et seq.*, and such claim must be presented within one (1) year of the date the loss occurs or it is forever barred. Okla. Stat. tit. 51, § 156(A) and (B). "Compliance with notice of claim provisions has been interpreted to be either a condition precedent to suit against a political subdivision, or a jurisdictional prerequisite to judicial intervention." *Gurley v. Mem'l Hosp. of Guymon*, 770 P.2d 573, 576 (Okla. 1989).

Plaintiff asserts the notice requirements of the GTCA are not applicable to a *Burk* claim, which arises under the Oklahoma Anti-Discrimination Act ("OADA"). However, the Oklahoma Supreme Court observed:

> We find it apparent from the language of the two acts that the legislature intended the Governmental Tort Claims Act to apply to tort actions brought against the state or a political subdivision, whereas Oklahoma Anti-Discrimination statutes were intended to

3

> provide redress for the types of discrimination embodied in the federal Civil Rights Acts, even where the action is brought against the state or a political subdivision.

*Duncan v. City of Nichols Hills*, 913 P.2d 1303, 1308 (Okla. 1996).  Further, "the Act is intended to provide the exclusive remedy for *torts* committed by the state or a political subdivision.  Had Duncan asserted a cause of action in tort, or a parallel action as in *Tate*, the plain language of the Act requires compliance with the notice provisions of the Act." *Id.* at 1309-1310 (emphasis in original).

> [I]f a claim is not a "tort claim" under the GTCA then the claims procedure of the GTCA need not be followed prior to commencing a legal action.  A similar result occurred in *Duncan v. City of Nichols Hills*, 1996 OK 16, 913 P.2d 1303, where we said that the notice provisions of the GTCA did not apply to an employment discrimination claim brought pursuant to 25 O.S. 1991 § 1101 *et seq*.  In other words, the GTCA procedure applies to a "tort claim" as such is defined by the GTCA.

*Pellegino v. State ex rel. Cameron Univ. ex rel. Bd. of Regents*, 63 P.3d 535, 539 (Okla. 2003).

Having reviewed the parties' submissions, the Court finds that the GTCA notice requirements apply to this case and plaintiff has not complied with the GTCA notice provisions.  Specifically, the Court finds that since plaintiff is asserting a tort claim, and specifically a *Burk* tort, he has to comply with the GTCA and has failed to do so in this case.

Plaintiff also asserts that he timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and that said charge constitutes substantial compliance with the GTCA notice requirement.  The Court, however, fails to see how a submission to a federal investigatory agency would constitute notice when the statute is clear that such notice shall be provided to the state or its political subdivisions.  Therefore, the Court finds that notice to the EEOC does not constitute notice to the state or its political subdivisions.

    2.    <u>Oklahoma Constitution Article V, § 46</u>

Article V, § 46 of the Oklahoma Constitution requires that a remedy be uniform across the entire class of similarly situated persons or things throughout the state and similarly prohibits disparate remedies for similarly situated persons. *Glasco v. State ex rel. Okla. Dept. of Corr.*, 188 P.3d 177, 185 (Okla. 2008). "[A] critical question was whether the class definition rested upon a difference reasonably related to the goals of the GTCA." *Id*. If no express Legislative goals for different treatment are expressed, courts must recognize the general objective of excluding the government from tort liability. *Id*. at 186. When a statute treats alike all members of the class, the classification satisfies the requirements of Article V of the Oklahoma Constitution. *Id*.

Plaintiff asserts that the application of the GTCA to his claim violates Oklahoma Constitution Article V, § 46. Specifically, plaintiff contends the appropriate class to consider in challenging the constitutionality of the GTCA under Oklahoma Constitution Article V, § 46 is victims of employment discrimination, as that is the class used in *Saint v. Data Exchange, Inc.*, 145 P.3d 1037 (Okla. 2006) and *Shirazi v. Childtime Learning Ctr., Inc.*, 204 P.3d 75 (Okla. 2009), where those plaintiffs challenge the disparity of remedial measures available to that class.

Having reviewed the parties' submissions, the Court finds that the GTCA is constitutional in relation to Oklahoma Constitution Article V, § 46. Specifically, the Court finds the class subject to the GTCA are governmental tort claimants as is the group of individuals targeted by the statute. The Court finds that the GTCA treats all governmental tort claimants the same by requiring that they file a notice prior to asserting a tort claim against the state or its political subdivision. As such, the Court declines to "second guess the desirability, wisdom or logic of a valid statutory classification or the legislative fairness of a valid remedial statute." *Glasco*, 188 P.3d at 186.

Accordingly, because plaintiff has failed to comply with the GTCA notice requirement and

the GTCA notice requirement is constitutional, the Court grants the motion to dismiss the *Burk* tort claim.

### B. Age Discrimination in Employment Act

Plaintiff also raises a claim under the ADEA. Plaintiff, however, has asserted his ADEA claim against the Board of County Commissioners of Grady County ("Board") rather than the Sheriff's office of Grady County where he was employed. Defendant asserts that the Sheriff was plaintiff's employer and therefore, the proper entity for suit with respect to the ADEA claim. In his response, plaintiff does not raise any argument in opposition to this issue. The Court, therefore, deems this matter confessed.

Accordingly, the Court grants the motion to dismiss the ADEA claim.

### IV. CONCLUSION

For reasons set forth in detail above, the Court GRANTS the motion to dismiss in its entirety.

**IT IS SO ORDERED this 4th day of June, 2009.**

_____
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE