IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RYAN C. VEIRS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-09-626-R |
| ) | |
| ACCLARENT, INC., ) | JURY TRIAL DEMANDED |
| ) | ATTORNEY LIEN CLAIMED |
| Defendant. ) | |

## FIRST AMENDED COMPLAINT

**COMES NOW THE PLAINTIFF** and for his causes of action here in alleges and states as follows:

### PARTIES

1. The Plaintiff is Ryan C. Veirs, an adult resident of the State of Oklahoma living in Oklahoma County, Oklahoma.

2. The Defendant is Acclarent, Inc., a foreign corporation located in the State of California but doing business in Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff's causes of action arise under Oklahoma law and are in the form of misappropriate of Plaintiff's name forbidden by both statutory and common law and slander, disparagement and interference with Plaintiff's economic opportunities forbidden by Oklahoma's statutory and common-law. Jurisdiction lies in this court because there is complete diversity of parties and because the amount claimed by the Plaintiff exceeds Seventy Five Thousand Dollars ($75,000.00) exclusive of costs, interest and attorneys fees. For this reason jurisdiction lies under 28 U.S.C. § 1332.

4. The Defendant is doing business in Oklahoma and a substantial portion of the wrongs at issue occurred in counties within the Western District of Oklahoma including in

particular Oklahoma County, Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(a)(2).

## FACTS

5. The Plaintiff was an employee of the Defendant engaged in the sale of Defendant's products within the State of Oklahoma with substantial sales activities occurring in Oklahoma County and the Oklahoma County metropolitan area.

6. Plaintiff was involuntarily terminated from his employment on or about August 19, 2008.

7. After the Plaintiff was involuntarily terminated and the parties no longer had a business relationship the Defendant issued a letter to each of Plaintiff's former clients with Plaintiff's name and purported signature purportedly vouching of the quality of the company and encouraging each customer to continue doing business with the Defendant.

8. The letters issued were issued without the Plaintiff's knowledge, consent or permission and the Plaintiff's purported signature on each letter was a forgery.

9. Thereafter, when the Plaintiff complained about the misuse and misappropriation of his name, the Defendant acted to retaliate against and harm the Plaintiff by disparaging the Plaintiff orally to each of Plaintiff's former clients thus damaging the Plaintiff's reputation within his business community and interfering with Plaintiff's efforts and opportunities to secure reemployment.

10. The actions of disparagement were done in bad faith in that the reports of bad performance attributed to the Plaintiff were false and for an illegitimate purpose, to wit: to harm the Plaintiff.

## **COUNT I**

For his first claim Plaintiff incorporates all prior actions and asserts:

11. The appropriation and use of Plaintiff's name without his permissions is forbidden by 21 O.S. § 839.1 and the violation of this statute constitutes negligence per se.

12. The appropriation and use of Plaintiff's name without his permissions is forbidden by 12 O.S. § 1449 and entitles the Plaintiff to recover all profits arising from the use of such name and punitive damages.

13. The appropriation and use of Plaintiff's name without his permissions is forbidden by Oklahoma's common-law and constitutes the tort of appropriate and use of one's name.

14. All of these actions have occurred within less than twelve months preceding the filing of this action and after August 20, 2008.

15. As the direct result of such actions Defendant has profited by the sales of its goods and services to those persons with whom the Plaintiff dealt.

16. Because the Plaintiff was engaged in the sale of Defendant's products Plaintiff is aware of the nature and extent of such sales within Oklahoma and Plaintiff knows that the value of such sales would exceed Seventy Five Thousand Dollars ($75,000.00) in profits during the period from the issuance of the letters to the filing of this lawsuit particularly in light of punitive damage liability.

17. Plaintiff has been injured by the taking of his good name with his consent and the application of that name to a company with whom he was no longer associated causing the Plaintiff mental pain and anguish, particularly in light of the circumstances of his involuntary termination and for which Plaintiff is entitled to compensation.

18. Because the actions of the Defendant were unauthorized and either in willful or reckless violation of Plaintiff's rights and Defendant's statutory obligations, Plaintiffs are entitled to an award of punitive damages against the Defendant.

**WHEREFORE,** Plaintiff prays for damages and an accounting of profits from the Defendant under Count I which actual damages and/or unauthorized profits are estimated to equal or exceed One Million Dollars ($1,000,000.00) by the time of trial to which should be added other available costs, attorney's fees and punitive damages in the maximum amount allowed by law but not less than the amount of actual damages awarded.

### COUNT II

For his first claim Plaintiff incorporates all prior actions and asserts:

19. The Defendant, by its agents and employees and particularly through its sales representative, Vice-President of sales, regional manager and area director (among others) has, beginning after August 20, 2008, engaged in actions tending to directly injure the Plaintiff in his profession, trade and business by imputing a general disqualification of the Plaintiff to engage in his profession.  Defendant's actions have the natural tendency to impair Plaintiff's business and professional opportunities.  In particular, Defendant, by its agents stated above, has, after the date of August 20, 2008, stated to Plaintiff's customers and particularly to persons within the Oklahoma city metropolitan area that Plaintiff is incompetent, was a cancer cell, was a bad seed who was ruining Defendant and who would ruin any other company.  Such statements are actionable under 12 O.S. § 1442(3) and Oklahoma's common law and, additional, constitute the torts of malicious injury and interference with prospective economic opportunities.

20. As the direct result of such actions Plaintiff has suffered injury by being rejected in his applications for sales positions within the same area and field despite having a

record of being, in actuality, a top sales performer during his employment such that Defendant's sales have diminished since his termination from the company.

21. The statements made by the Defendant are false.

22. The statements made by the Defendant are not privileged in are, in fact, contrary to the policy of 40 O.S. § 61.

23. The statements made by the Defendant were facially of a nature that any reasonable person would recognize that they would cause harm and therefore were made with the intention to cause harm or with reckless disregard for their propensity to cause harm to the Plaintiff.

24. As the direct result of such actions Defendant has caused harm to the Plaintiff by injuring his ability to secure employment and by causing the Plaintiff mental and emotional harm and distress for which Plaintiff is entitled to compensation. In particular Plaintiff, upon his termination, was able to rapidly secure reemployment with another company however that company failed and Plaintiff became again unemployment. There after he has sought, but been unable to secure employment, due to the pervasive nature of such comments and their impact on his reputation which statements had not been circulated, or at least not circulated enough to affect his reputation within the business community, at the time Plaintiff first sought and acquired employment.

25. Because the actions of the Defendant were malicious or, at the least, done recklessly, Plaintiff is entitled to recover punitive damages from the Defendant.

**WHEREFORE,** Plaintiff prays for damages from the Defendant under Count II which actual damages are estimated to equal or exceed a net present value of Five Million Dollars ($5,000,000.00) by the time of trial to which should be added other available costs and punitive damages in the maximum amount allowed by law but not less than the amount of actual damages awarded.

## **PRAYER**

Plaintiff seeks all available damages as set forth above together with costs, attorney's fees and any other appropriate legal and equitable relief.

**RESPECTFULLY SUBMITTED THIS 16th DAY OF JUNE, 2009.**

s/ Mark Hammons
Mark Hammons, OBA #3784
HAMMONS GOWENS & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
mark@hammonslaw.com

JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED