# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

NEAL LOCKE, )
)
    Plaintiff, )
)
vs. ) Case No. CIV-09-327-M
)
GRADY COUNTY, a political )
subdivision which is sued in the )
name of the BOARD OF )
COUNTY COMMISSIONERS )
OF GRADY COUNTY, )
)
    Defendant. )

## ORDER

Before the Court is Plaintiff's Appeal of the Clerk's Award of Costs, filed January 31, 2011. On February 10, 2011, defendant's response was filed. Plaintiff's reply was filed on February 17, 2011. Plaintiff seeks review and reduction of the Clerk's $9,129.93 award of costs. As this matter is ripe for adjudication, the Court makes its determination.

I.    Introduction

On November 24, 2010, the Court issued its Order granting defendant's motion for summary judgment in this case. On December 8, 2010, as prevailing party defendant filed its bill of costs totaling $9,188.93. Defendant's itemized costs included deposition cost, witness fees, copying and service of summons and subpoena fees incurred by defendant in the litigation of this case. On December 22, 2010, plaintiff's objection was filed. On January 27, 2011, a hearing was held before the Court Clerk taxing $9,129.93 in costs to plaintiff. A $59.00 witness fee inadvertently listed by defendant was deducted by the Court Clerk for a witness' deposition that was scheduled

1

but not taken. Plaintiff now seeks review and reduction of defendant's $9,129.93 in costs awarded by the Court Clerk.

Plaintiff contends defendant's award of costs should be reviewed and reduced because of defendant's failure to justify seven depositions taken by defendant. Plaintiff also contends private process server fees should not be allowed. Plaintiff also asserts defendant's bill of costs should be reduced because in this lawsuit plaintiff sought to vindicate his federal rights.

II. Discussion

A. Prevailing Party

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). It is undisputed that defendant is the prevailing party. Accordingly, the Court finds that defendant is entitled to any allowable costs under 28 U.S.C. § 1920 that it necessarily incurred for use in this case.

B. Allowable Costs under § 1920

In awarding costs, the district court is afforded broad discretion. *In re Williams Sec. Litig.- WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009). An abuse of discretion occurs when a district court (1) commits legal error, (2) relies on clearly erroneous factual findings, or (3) where no rational basis exists in evidence to support its rulings. *Id.* "The court's exercise of its discretionary power turns on whether or not the costs are for materials necessarily obtained for use in the case." *U.S. Indus., Inc. v. Touche Ross & Co.* 854 F.2d 1223, 1245 (10th Cir. 1988). The district court "must provide a valid reason for not awarding costs to a prevailing party." *Cantrell v. Int'l Bhd. of Elec. Workers,* 69 F.3d 456, 459 (10th Cir. 1995).

Plaintiff asserts that certain costs sought by, and awarded to, defendant are unreasonable and are not properly taxed under 28 U.S.C. § 1920.

### 1. The Law

The costs statute allows a judge or clerk of any court of the United States to tax costs for transcripts and copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) & (4). . . .

The "necessarily obtained for use in the case" standard does not allow a prevailing party to recover costs for materials that merely "added to the convenience of counsel" or the district court. To be recoverable, a prevailing party's transcription and copy costs must be "reasonably necessary to the litigation of the case." Materials produced "solely for discovery" do not meet this threshold. At the same time, we have acknowledged that materials may be taxable even if they are not "strictly essential" to the district court's "resolution of the case." The "realities of litigation occasionally dispense with the need of much of the discovery already taken by the parties when, for instance, a dispositive motion is granted by the trial court." Our cases establish that if deposition transcripts or copies were "offered into evidence," were "not frivolous," and were "within the bounds of vigorous advocacy," costs may be taxed. This standard recognizes that "caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation," including the "possibility of trial."

Thus, we do not "employ the benefit of hindsight" in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case. We base this determination, instead, solely "on the particular facts and circumstances at the time the expense was incurred." The standard is one of reasonableness. If "materials or services are reasonably necessary for use in the case," even if they are ultimately not used to dispose of the matter, the district court "can find necessity and award the recovery of costs." Thus, we will not "penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case."

*In re Williams Sec. Litig.*, 558 F.3d at 1147-48 (internal citations omitted).

Additionally, the prevailing party bears the burden of establishing the amount of costs to which it is entitled. *Id.* at 1148. "Once a prevailing party establishes its right to recover allowable costs, however, the burden shifts to the 'non-prevailing party to overcome' the presumption that these costs will be taxed." *Id.* (internal citation omitted).

2. Deposition Transcript Costs

Plaintiff contends the deposition costs and corresponding witness and service fees for seven witnesses were not necessary.[1] Plaintiff contends that because the deposition testimony of David Jacobs, Leah Ryans, Robert Jolley, Margaret McConnell, Stephanie Long, Randell Ely and Myrna Cobb was not offered by defendant as a bases for its motion for summary judgment the deposition and corresponding witness fees were not necessary. Defendant contends the six depositions were reasonably necessary to the litigation. Defendant contends the six witnesses at issue were all listed on plaintiff's final witness list as "will call" witnesses and the taking of their depositions was necessary in preparation for a possible trial. Defendant also asserts the deposition testimony of each of the witnesses at issue was material to plaintiff's age discrimination claims as evidenced by the use of their deposition testimony in plaintiff's response to defendant's motion for summary judgment and defendant's reply.

Having carefully reviewed the court file and the parties' submissions, the Court finds the witness depositions and corresponding witness fees billed by defendant were reasonable and necessarily obtained for use in this case. Accordingly, the Court finds that defendant should not be denied the costs associated with these depositions.

---

[1]Plaintiff continues to reference the deposition cost of seven witness. However, during the cost hearing before the Court Clerk a $59 deduction was made for Margaret McConnell's witness fee as her scheduled deposition was not taken.

3. Fees for Service

Plaintiff also asserts defendant should not recover sums paid to a private process server for service of process in this case. Plaintiff contends 28 U.S.C. § 1920 only provides for recovery for service fees to the U.S. Marshall. In support of this assertion, plaintiff cites to *Bee v. Greaves,* 910 F.2d 686, 690 (10th Cir. 1990) for the proposition that the district court has no discretion to award items as costs that are not set out in section 1920. Plaintiff also asserts that if private process server fees could be awarded as a substitute for service through the U.S. Marshall, the fees would be limited to the Marshall's costs. Defendant cites to multiple cases in which other district courts have held that the fees for a private process server are recoverable under section 1920. It is undisputed that service fees are recoverable costs. However, 28 U.S.C. § 1920 only specifically includes the fees of a marshal.

There appears to be a split of authority on the issue of whether sums paid to a private process server, as opposed to the U.S. Marshall, are recoverable. In this district, as in others, the trend has been substitution of private process servers for the U.S. Marshall, especially in cases such as this where service would require extensive travel time for the U.S. Marshall to perfect service.[2] Having reviewed the parties' submissions, the Court finds that the witness service fees paid to the private process server at a lesser fee than that charged by the U.S. Marshall is reasonably necessary to the litigation of this case. The Court, therefore, finds the service fees paid to the private process server are proper.

---

[2]The U.S. Marshall of the Western District of Oklahoma charges $45 per hour for service of process plus $.51 per mile for travel. This amount exceeds the service fees charged in this action by the private process server, Daniel R. Dick. Mr. Dick's service fee in this matter is a flat $55 per service plus $.50 per mile.

III. Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's Appeal of the Clerk's Award of Costs [docket no.102], UPHOLDS the Clerk's award of costs and AWARDS defendant costs in the amount of $9,129.93.

**IT IS SO ORDERED this 1st day of March, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE